UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL K. HUNT,<br><br>        Petitioner,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | No. 2:15-cv-1564 KJN P<br><br><br>ORDER |

      Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee.

      For the following reasons, the undersigned finds that not all of the claims presented in the petition are exhausted.

      The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

1          The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).

            Petitioner raises the following claims:  1) denial of right to impartial jury; 2) perjury by Officer Harris; 3) insufficient evidence to support conviction (two claims—claims 3 and 8); 4) denial of counsel; 5) double jeopardy violation; 6) jury tampering by victim's ex-husband; and 7) judicial misconduct when trial judge instructed jury to ignore petitioner's argument.

            Petitioner states that he raised the following claims in both his direct appeal filed in the California Court of Appeal and his petition for review filed in the California Supreme Court:  1) denial of right to an impartial jury; 2) perjury by Officer Harris; 3) insufficient evidence (claims 3 and 8); 4) denial of counsel; and 5) double jeopardy violation.  In other words, petitioner is claiming that these claims are exhausted.

            A copy of the opinion by the California Court of Appeal upholding petitioner's conviction is attached to the petition.  The opinion indicates that petitioner raised the following claims in the California Court of Appeal that he now raises in the instant petition:  1) denial of right to impartial jury; 2) insufficient evidence (claims 3 and 8); 3) denial of right to counsel; and 4) judicial misconduct.  In his direct appeal before the California Court of Appeal, petitioner did not raise his claims alleging perjury and double jeopardy.

            Assuming petitioner raised the same claims in the petition for review filed in the California Supreme Court as he raised before the California Court of Appeal, it does not appear that petitioner has exhausted his state court remedies as to his claims alleging perjury, double jeopardy, and jury tampering.

            Because petitioner has filed a mixed petition, he may elect to dismiss his unexhausted claims and proceed on his exhausted claims only.  In the alternative, petitioner may file a motion to hold this action in abeyance while he exhausts his unexhausted claims.  There are two approaches for analyzing such motions: one is described in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), and the other in Rhines v. Weber, 544 U.S. 269 (2005).  See King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

1    Kelly provides that a district court may stay a petition containing only exhausted claims
2    and hold it in abeyance pending exhaustion of additional claims which may then be added to the
3    petition through amendment. Kelly, 315 F.3d at 1070–71; King, 564 F.3d at 1135. If a petition
4    contains both exhausted and unexhausted claims, a petitioner seeking a stay under Kelly must
5    dismiss the unexhausted claims from the petition and seek to add them back in through
6    amendment after exhausting them in state court. King, 564 F.3d at 1138–39. However, the
7    previously unexhausted claims, once exhausted, must be added back into the federal petition
8    within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1). King, 564 F.3d at 1140-
9    41.

10    Under 28 U.S.C. § 2244(d)(1), a one-year limitation period for seeking federal habeas
11    relief begins to run from the latest of:  (1) the date the judgment became final on direct review,
12    (2) the date on which a state-created impediment to filing is removed, (3) the date the United
13    States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or
14    (4) the date on which the factual predicate of a claim could have been discovered through the
15    exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the
16    limitations period under 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181–82
17    (2001).

18    Under Rhines, a district court may stay a mixed petition in its entirety, without requiring
19    dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court.
20    King, 564 F.3d at 1139–40. Unlike the Kelly procedure, however, Rhines requires that the
21    petitioner show good cause for failing to exhaust the claims in state court prior to filing the
22    federal petition. Rhines, 544 U.S. at 277–78; King, 564 F.3d at 1139. In addition, a stay pursuant
23    to Rhines is inappropriate where the unexhausted claims are "plainly meritless" or where the
24    petitioner has engaged in "abusive litigation tactics or intentional delay." Id.

25    Accordingly, petitioner is granted thirty days to inform the court how he wishes to
26    proceed. He may elect to proceed only on his exhausted claims, and request dismissal of his
27    unexhausted claims. If petitioner wishes to stay this action while he exhausts his unexhausted
28    claims in state court, he shall file a motion to stay this action pursuant to either the procedures set

forth in <u>Kelly</u> or <u>Rhines</u>, as discussed above. If petitioner does not respond to this order, this action will be dismissed on grounds that it is a mixed petition.

In accordance with the above, IT IS HEREBY ORDERED that petitioner is granted thirty days from the date of this order to inform the court how he wishes to proceed; petitioner shall either file a motion to dismiss his unexhausted claims and a request to proceed on his exhausted claims, or a motion to stay this action; failure to respond to this order will result in dismissal of this action.

Dated: July 29, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hu1564.ord